UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
TRUSTEES OF THE PLUMBERS LOCAL UNION,
NO. 1 WELFARE FUND, ADDITIONAL SECURITY
BENEFIT FUND, VACATION & HOLIDAY FUND,
TRADE EDUCATION FUND AND 401(K) SAVINGS
PLAN; TRUSTEES OF THE PLUMBERS AND
PIPEFITTERS NATIONAL PENSION FUND;
TRUSTEES OF THE INTERNATIONAL TRAINING
FUND,

     Plaintiffs,    MEMORANDUM & ORDER

  - against -      09-cv-51 (KAM)(RER)

HIGRABAN OF NEW YORK, INC.,

     Defendant.
- - - - - - - - - - - - - - - - - - - - - X

**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

  Plaintiffs filed the instant action on January 7, 2009. For the reasons set forth below, plaintiffs' complaint is dismissed with prejudice.

BACKGROUND

  On January 7, 2009, plaintiffs Trustees of the Plumbers Local Union, No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation & Holiday Fund, Trade Education Fund and 401(k) Savings Plan; Trustees of the Plumbers and Pipefitters National Pension Fund and Trustees of the International Training Fund ("plaintiffs") commenced this action against pro se parties Higraban of New York, Inc. ("Higraban") and Travelers Casualty

1

and Surety Company of America (collectively, "defendants"), alleging that defendants violated (1) their collective bargaining agreements with the Plumbers Local Union plaintiff; (2) their respective trust agreements with the remaining plaintiffs; and (3) various provisions of the Employment Retirement Income Security Act. (*See generally* ECF No. 1, Complaint.)

On March 25, 2009, the court scheduled an initial conference for May 4, 2009 at 10:00 a.m. (See Scheduling Order dated 3/25/2009.) Approximately one week before the scheduled initial conference, on April 29, 2009, plaintiffs voluntarily dismissed defendant Travelers Casualty and Surety Company of America from this action. (See ECF No. 5, Notice of Voluntary Dismissal.) That same day, plaintiffs notified the court that they had reached a settlement in principle with Higraban. (*See* ECF No. 6, Motion to Adjourn Conference.) Consequently, plaintiffs requested "an adjournment of the conference scheduled for May 4, 2009, during which time Plaintiffs expect to file a Settlement Agreement and dismiss the action." (*Id.*) The court then adjourned the initial conference without date on consent of the parties. (*See* Order dated 4/29/2009.)

Despite plaintiffs' representation to the court on April 29, 2009, that they would file a settlement agreement and dismiss the action, plaintiffs have not yet done so. On

2

February 13, 2012, having observed that nearly three years had passed since plaintiffs' last activity in this action, the court issued the following order:

> ORDER TO SHOW CAUSE. The plaintiff is hereby ordered to show cause in writing no later than 2/21/2012 why his case should not be dismissed for failure to prosecute. If the plaintiff fails to show cause in writing by 2/21/2012, the Court is likely to dismiss this action. Plaintiff is ordered to serve a copy of this order on defendant and file a declaration of service by 2/14/2012. Ordered by Judge Kiyo A. Matsumoto on 2/13/2012. (Chang, Emily) (Entered: 02/13/2012)

Plaintiffs did not serve a copy of the order on the pro se defendant or respond to the Order to Show Cause.

## **STANDARD**

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *id.* at 576 (citations

3

omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal. First, plaintiffs have neither advanced their claims nor filed a stipulation of dismissal. Instead, plaintiffs have failed to honor their representations to the court and have further failed to comply with court orders, and have allowed their case to lie dormant with no activity on their part since their April 29, 2009 request for an adjournment of the initial conference. That length of time is sufficient to justify dismissal. *See e.g.*,

4

*Antonio v. Beckford*, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS 71859, at *8-9 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more). Second, the court gave plaintiffs notice that further inactivity could lead to dismissal for failure to prosecute; on February 13, 2012, the court specifically ordered plaintiffs to show cause why their complaint should not be dismissed for failure to prosecute, but they failed to respond or comply with the court's order to serve the *pro se* defendants with the court's February 13 order. (See Order dated 2/13/2012.) Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice a defendant. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, this dormant case has remained on the court's docket for almost three years with no indication that plaintiffs will move it forward in the future. Finally, no lesser sanction than dismissal is likely to be effective in light of plaintiffs' failure to respond to the court's orders directing plaintiffs to take action or face dismissal of their action. Indeed, plaintiffs and their counsel would likely have faced sanctions for failure to comply with the February 13, 2012 court order, had this case proceeded.

## CONCLUSION

For the reasons set forth above, plaintiffs' complaint is dismissed with prejudice. Any appeal must be filed within thirty days after judgment is entered in this case. Fed. R. App. P. 4(a)(1)(A). The Clerk of the Court is respectfully requested to enter judgment dismissing this action and close this case. Counsel for plaintiffs are directed to serve a copy of this Memorandum and Order on *pro se* defendant Higraban and file a declaration of service by March 1, 2012.

**SO ORDERED.**

Dated: Brooklyn, New York
February 28, 2012

**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York